# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6455 | **DATE** | 10/28/2003 |
| **CASE TITLE** | Cummings, et al vs. Club Mediterranee, S.A., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum Opinion and Order. For the reasons set forth, defendants' motion for application of Bahamian law is granted. Plaintiffs' motion for application of Illinois law is denied. (46-1, 48-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | OCT 29 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | OCT 29 2003 | |
| TP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK CUMMINGS and CAROL ANN LEE, )
Personal Representatives of the Estate of Nora )
Cummings, deceased, )
)
Plaintiffs, )
) No. 01 C 6455
v. )
) Judge Robert W. Gettleman
CLUB MEDITERRANEE, S.A., CLUB MED )
SALES, INC., HOLIDAY VILLAGE (PARADISE )
ISLAND) LIMITED, and CLUB )
MEDITERRANEE BAHAMAS, LIMITED, )
)
Defendants. )
)
-------------------------------------------------------------- )
)
CLUB MEDITERRANEE, S.A., CLUB MED )
SALES, INC., HOLIDAY VILLAGE (PARADISE )
ISLAND) LIMITED, and CLUB )
MEDITERRANEE BAHAMAS, LIMITED, )
)
Third Party Plaintiffs, )
)
v. )
)
E-Z-GO DIVISION OF TEXTRON, INC., )
)
Third Party Defendant. )

DOCKETED
OCT 29 2003

## MEMORANDUM OPINION AND ORDER

Plaintiffs Patrick Cummings and Carol Ann Lee, as Personal Representatives of the Estate of Nora Cummings, have brought a multi-count wrongful death and survivor action against defendants Club Mediterranee, S.A., Club Med Sales, Inc., Holiday Village (Paradise Island) Limited, and Club Mediterranee Bahamas, Limited. The complaint alleges that plaintiffs' decedent, Nora Cummings, after arriving at the Club Med Paradise Island Resort in Nassau, Bahamas, was

being transported by golf cart to her room when the driver, an employee of one of the defendants, negligently caused the cart to turn suddenly, throwing decedent from the cart. Defendants have filed a third party complaint against E-Z-GO Division of Textron, Inc., manufacturer of the cart. Defendants, joined by E-Z-GO, have moved for application of Bahamian substantive law. Plaintiffs have moved for application of Illinois law. For the reasons set forth below, defendants' motion is granted, plaintiffs' motion is denied, and the court will apply Bahamian law on all substantive issues.

## **FACTS**

Decedent was an Illinois resident who traveled to the Club Med Paradise Island Resort with her daughter and granddaughter, both also Illinois residents. Arrangements were made through a Chicago-based travel agency and payment was made in advance. Decedent arrived at the resort on March 30, 1999. After checking in at the reception area, she boarded a golf cart and was to be driven by an employee of the resort to her room. During the trip, the employee made a sharp turn, causing decedent to be thrown from the cart, hitting her head on the ground. She was flown by air ambulance to a hospital in Miami, Florida, where she died five days later.

## **DISCUSSION**

Because subject matter jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, this court applies the choice of law principles of the state in which it is located. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 496 (1941). Therefore, the court looks to Illinois' choice of law principles to determine whether Illinois or Bahamian law applies to the substantive issues in this case.

Illinois has adopted the most significant relationship test for deciding among conflicting laws. Ingersoll v. Klein, 46 Ill. 2d 42, 47 (1970). Under this test the law of the place of the injury controls

unless Illinois has a more significant relationship with the occurrence and with the parties. Id. at 45. When applying the most significant relationship test, the court considers four factors: (1) where the injury occurred; (2) where the injury-causing conduct occurred; (3) the domicile of the parties; and (4) where the relationship of the parties is centered. Id. at 47. The court must look at the contacts of each jurisdiction under these factors and then evaluate those contacts in light of the policies underlying the laws of those jurisdictions.

In the instant case, the injury and the injury-causing conduct occurred in the Bahamas. Decedent was domiciled in Illinois. The Club Med defendants are domiciled either in the Bahamas or France. Relationship between decedent and the Club Med defendants was centered in Illinois because decedent planned the vacation in Illinois and made all arrangements through a Chicago-based travel agent. To determine which jurisdiction has the most significant relationship, these contacts must be considered in light of the relevant principles governing all choice of law decisions. Esser v. McIntyre, 169 Ill. 2d 292, 299-300 (1996).

This court's analysis is guided by the Seventh Circuit's decision in a factually analogous case, Spinozzi v. ITT Sheraton Corp., 174 F.3d 842 (7th Cir. 1999). In Spinozzi, the plaintiff and his wife went to Mexico on vacation, staying at a Sheraton hotel. The plaintiff fell into a maintenance pit on the hotel grounds and was seriously injured. The plaintiff (and his wife) brought suit in this court against the Mexican corporation that owned the hotel and three of its affiliates. This court held that Mexican law governed the substantive issues. On appeal, the Seventh Circuit, noting that in the absence of unusual circumstances the law of the place of injury controls, stated (at 845):

> For that is the place that has the greatest interest in striking a balance among safety, costs, and other factors pertinent to the design and administration of a system of tort law. Most people affected whether as victims or injurers by accidents and other

3

injury-causing events are residents of the jurisdiction in which the event takes place. So if law can be assumed to be generally responsible to the values and preferences of the people who live in the community that formulated the law, the law of the place of the accident can be expected to reflect the values and preferences of the people most likely to be involved in accidents — can be expected, in other words, to be responsive and responsible law, law that internalizes the costs and benefits of the people effected by it.

The Spinozzi court went on to analyze whether any unusual circumstances required application of Illinois law. In particular, because the claim arose out of a voluntary relationship between the alleged tortfeasor and the victim, the court analyzed what body of law the parties would have expected to govern an accident arising out of that relationship, concluding that it "doubted that [the plaintiff] would have thought that he was carrying his domiciliary law with him, like a turtle's house, to every foreign country he visited." Id. at 846. The court also rejected the plaintiffs' position that Illinois law should apply because a defense of contributory negligence, which Mexican law allowed, was repugnant to Illinois public policy. The court noted that states do refuse to enforce foreign law that is particularly obnoxious to them, but stated that "obviously the mere fact that foreign and domestic law differ on some point is not enough to invoke the exception. Otherwise in every case of an actual conflict the court of the forum state would choose its own law; there would be no conflict of law." Id. at 847.

Plaintiffs raise two arguments against reliance on Spinozzi. First, they argue that the court should follow Esser, 169 Ill. 2d 292, in which the Illinois Supreme Court held that Illinois law should apply to a negligence action arising out of a fall at a Mexican hotel. The plaintiff, an Illinois resident, slipped on unpopped popcorn kernels that had been left, from the previous evenings' festivities, strewn across the kitchen floor of a villa shared with five other guests. The plaintiff sued one of the other guests for personal injuries received from her fall.

4

Plaintiffs' reliance on Esser is misplaced. The Illinois Supreme Court applied Illinois law in Esser because both the plaintiff and the defendant were domiciled in Illinois and the relationship centered in Illinois. The plaintiff was invited on the trip by the defendant's friend, also an Illinois resident. The trip was planned in Illinois, the invitation issued in Illinois, and both plaintiff and defendant left from and returned to Illinois. In analyzing the issue, the Esser court focused on the fact that the interests of the state of Illinois in providing a remedy for an Illinois resident injured by another Illinois resident outweighed Mexico's interest in limiting tort recoveries. "Having provided a legal means for a plaintiff to recover for injuries caused by a defendant's culpable conduct, Illinois has a strong interest in providing that remedy in disputes between Illinois residents." Id. at 300 (Emphasis added).

The instant case, however, is not a dispute between two Illinois residents, but between an Illinois resident and, among others, a Bahamian resident. Illinois' interest in providing a remedy in such disputes is not nearly as great; certainly no greater than the Bahamas' interest.

Somewhat more compelling is plaintiffs' argument that Spinozzi is inapplicable because the instant case does not involve a conflict between the safety standards of Illinois and those of the Bahamas. Plaintiffs argue that because the duty of care owed by the driver of a motor vehicle in the Bahamas is the same of that owed by an Illinois driver, Spinozzi's conclusion that it would be "unreasonable that the Illinois courts should be setting safety standards for hotels in Mexico" is inapplicable to the instant case. Spinozzi, 174 F.3d at 845. Plaintiffs then argue that because the substantive law on liability and damages in the Bahamas is "essentially the same as the law in Illinois, the application of Illinois tort law will not result in a deprivation of the right of the Bahamian citizens to set their own safety standards."

5

Plaintiffs have it backwards. Because, as they assert, there is little difference between Illinois and Bahamian law regarding the standard of care, there is nothing unusual about Bahamian law that is repugnant to Illinois public policy that would compel application of Illinois law. Therefore, because Illinois' relationship with the occurrence is not significantly greater than that of the Bahamas, the law of the place of the injury applies. Ingersoll, 46 Ill.2d at 47. Accordingly, defendants' motion for application of Bahamian law is granted and the plaintiffs' motion for application of Illinois law is denied.

## CONCLUSION

For the reasons set forth above, defendants' motion for application of Bahamian law is granted. Plaintiffs' motion for application of Illinois law is denied.

**ENTER:** October 20, 2003

Robert W. Gettleman
United States District Judge